ELEANOR M. LACKMAN (SBN 298594)
eml@msk.com
MARC E. MAYER (SBN 190969)
mem@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067
Tel. (310) 312-2000 Fax (310) 312-3100\

JENNIFER LANTZ (SBN 202252)
jmlantz@duanemorris.com
DUANE MORRIS LLP
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
Tel. (650) 847-4150 Fax (650) 847-4151

MEGHAN C. KILLIAN (SBN 310195)
mckillian@duanemorris.com
DUANE MORRIS LLP
One Market Plaza
Spear Tower, Suite 2200
San Francisco, CA 94105
Tel.: (415) 957-3138 Fax (415) 840-0017

*Attorneys for Defendants and Counter-Claimants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – FIRST STREET

| | |
|---|---|
| INTUITIVE IMAGING INFORMATICS, LLC, a Nevada limited liability company,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>INTUITIVE SURGICAL OPERATIONS, INC., a Delaware corporation, et al.,<br><br>    Defendants and Counter-Claimants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 2:23-cv-10593-DSF-RAO<br><br>Honorable Dale S. Fischer<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:      August 26, 2024<br>Time:     1:30 p.m.<br>Location: Courtroom 7D<br><br>Filing Date: 12/18/2023<br>Trial Date: 12/09/2025 |

# **TABLE OF CONTENTS**

**Page**

I. Introduction ..................................................................................................5

II. Factual Background......................................................................................6

III. Legal Standard..............................................................................................9

IV. Argument......................................................................................................9

    1. Plaintiff's Proposed Amendments Are Dilatory...............................10

    2. Plaintiff's Proposed Amendments Are Futile...................................11

    3. Plaintiff Only Seeks to Amend the Complaint in Bad Faith, and Such Amendment Will Prejudice Defendants ...................................14

V. Conclusion..................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allen v. City of Beverly Hills*,
 911 F.2d 367 (9th Cir. 1990)...................................................................................9

*Bonin v. Calderon*,
 59 F.3d 815 (9th Cir. 1995) ...................................................................................11

*Eminence Capital, LLC v. Aspeon, Inc.*,
 316 F.3d 1048 (9th Cir. 2003) ...............................................................................15

*Foman v. Davis*,
 371 U.S. 178 (1962) ..........................................................................................9, 15

*In re Cir. Breaker Litig.*,
 175 F.R.D. 547 (C.D. Cal. 1997).............................................................................9

*Jordan v. Los Angeles Cnty.*,
 669 F.2d 1311 (9th Cir.1982), *judgment vacated on other grounds*, Cnty.
 *of Los Angeles v. Jordan*, 459 U.S. 810 (1982).....................................................10

*Marketquest Grp., Inc. v. BIC Corp.*,
 862 F.3d 927 (9th Cir. 2017) .................................................................................12

*McZeal v. Amazon Servs., LLC*,
 No. 221CV07093SVWRAO, 2021 WL 5213099 (C.D. Cal. Nov. 8,
 2021) .....................................................................................................................11

*Murray v. Cable Nat. Broad. Co.*,
 86 F.3d 858 (9th Cir. 1996), *as amended* (Aug. 6, 1996) ..................................12

*Nasser v. Julius Samann, Ltd.*,
 No. 17-CV-863-BTM-MDD, 2020 WL 10457001 (S.D. Cal. Aug. 28,
 2020) .....................................................................................................................12

*Steckman v. Hart Brewing, Inc.*,
 143 F.3d 1293 (9th Cir. 1998) ...............................................................................13

**STATUTES**

15 U.S.C.
 § 1114 ....................................................................................................................12

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

Cal. Bus. & Prof. Code
 § 14245 ..................................................................................................................... 6
 § 14245 ................................................................................................................... 13
 § 14250 ..................................................................................................................... 6
 § 14250 ................................................................................................................... 13
 § 14250(a) ............................................................................................................... 13
 § 17200 et seq. ......................................................................................................... 6

### OTHER AUTHORITIES

Fed. R. Civ. P.
 11 ............................................................................................................................ 14
 15(a) .......................................................................................................................... 5
 30(b)(6) .................................................................................................................... 6

Defendants Intuitive Surgical Operations, Inc., Intuitive Surgical, Inc., Intuitive Surgical Holdings, LLC, Intuitive Fluorescence Imaging, LLC, and Intuitive Surgical Service Optics, Inc. (collectively, "Defendants") respectfully submit this Memorandum in Opposition to the Motion of Plaintiff Intuitive Imaging Informatics, LLC ("Plaintiff") to File Its First Amended Complaint (the "Motion").

## I.   Introduction

While the Federal Rules state that leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), this is not such a case. Indeed, given that Plaintiff refused to engage in the mandatory L.R. 7-3 conference prior to rushing to file its motion and did not follow this Court's rules in any event, Plaintiff should be required to proceed as the local rules and those of this Court require. In any event, it would be unjust to permit Plaintiff to amend its Complaint, because Plaintiff appears to be using the amendment procedure for purposes of delay, including to force Defendants to respond repetitively to the same baseless allegations and to defer the determination of Defendants' pending Motion for Judgment on the Pleadings—even though Plaintiff has conceded that its amendments do not moot such motion.

As set forth below, Plaintiff's amendments with respect to its newly added defendants are dilatory, given that it should have been on notice of those defendants' existence for the past four years. Additionally, Plaintiff's amendments are generally futile, as its attempt to assert a new cause of action amounts to nothing more than a restatement of an existing cause of action, and Plaintiff fails to add any substantive allegations that support its case or address the points raised in Defendants' Motion for Judgment on the Pleadings. These issues, paired with Plaintiff's delay in presenting Defendant with a copy of its proposed amendments and failing to engage in a meaningful conference with Defendant prior to the filing

of its Motion, indicate that Plaintiff has not filed its Motion in good faith. Therefore, Plaintiff's request should be denied.

## II. Factual Background

As set forth in other briefing before the Court, the parties' dispute began in 2022, after the USPTO preliminarily refused to register one of Defendants' trademark registrations due to a perceived conflict with the registrations for Plaintiff's "Intuitive Imaging Informatics" mark and related design mark (the "I3 Marks"). Defendant Intuitive Surgical Operations, Inc. ("ISO") filed a petition to cancel the registrations for the I3 Marks with the Trademark Trial and Appeal Board, primarily on the ground of abandonment. *See* Compl. ¶¶ 31-33; *see also* Intuitive Surgical Operations, Cancellation No. 92080980, Dkt. No. 1. During the cancellation proceeding, Plaintiff did not produce any evidence that it used the I3 Marks in commerce at any point in the last ten years, filed a motion to compel responses to requests on issues not in the case and thereby triggered a stay of Defendants' ability to file a motion to compel, and stonewalled ISO's numerous requests to conduct a Rule 30(b)(6) deposition of Plaintiff. *See* Countercl. ¶¶ 66-73; Reply ¶¶ 66-73.

On December 18, 2023, in an apparent effort to extract an unwarranted payment for its abandoned I3 Marks and avoid a Rule 30(b)(6) deposition, and despite admitting no actual confusion, Plaintiff initiated this lawsuit against Defendants. In its Complaint, Plaintiff asserts five claims for relief: (1) infringement of federally registered trademarks in violation of the Lanham Act; (2) unfair competition in violation of the Lanham Act; (3) common law trademark infringement and unfair competition; (4) unlawful, unfair, or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code § 17200 *et seq.* (known as "California Unfair Competition Law" or "UCL"); and (5) trademark infringement in violation of Cal. Bus. & Prof. Code §§ 14245 & 14250.

Defendants filed a Motion for Judgment on the Pleadings on June 28, 2024. *See* Dkt. No. 54. Among other things, Defendants' Motion for Judgment on the Pleadings pointed out that Plaintiff's Complaint is an impermissible "shotgun pleading," that Plaintiff's Lanham Act and state law claims are time-barred, and that Plaintiff cannot assert a trademark infringement claim under California law because Plaintiff does not own any trademarks that are registered with California. Two weeks after the Motion for Judgment on the Pleadings was filed, Plaintiff's counsel, Edward Saadi, asked to adjourn the August 12, 2024 hearing on the Motion, citing a family vacation on that date. *See* Declaration of Eleanor Lackman, at ¶ 4. Defendants' counsel, Eleanor Lackman, agreed to adjourn the hearing, noting the fact that it would require a change of her own travel plans at some cost. *Id.* The hearing on Defendants' Motion for Judgment on the Pleadings now is currently set for August 26, 2024, and although Defendants indicated that no other dates be changed, Plaintiff (via a proposed stipulation that counsel represented reflected their agreement) received by rule an extra two weeks for opposition, which is now due on August 5, 2024. *Id.* ¶ 5.

One week later, on July 19, 2024, Mr. Saadi first alerted Ms. Lackman that he intended to seek leave to file an amended complaint "adding a claim for relief for reverse confusion, and also adding Orpheus Medical as a defendant." *Id.* ¶ 6, Ex. A. Mr. Saadi proposed that if Defendants intended to oppose, the hearing could be set for August 26, 2024, leaving a very tight window for response. *Id.* Nonetheless, Ms. Lackman responded to Mr. Saadi on the same day, requesting to review a copy of the complaint so that she could return to him with a position on whether she would stipulate to that amendment. *Id.* ¶ 7, Ex. A.

On July 22, 2024, Mr. Saadi responded to Ms. Lackman and, contrary to his prior position, suggested that she simply stipulate to the amendment of the Complaint, withdraw Defendants' Motion for Judgment on the Pleadings, and re-

file Defendants' Motion after service of the amended complaint. *Id.* ¶ 8, Ex. A. Ms. Lackman replied that she could not opine on a complaint that she had not yet seen, particularly where the substance of the amended complaint sounded largely identical to the original defective complaint, and where Plaintiff seemed to be seeking to add a party based outside of the United States. *Id.* ¶ 9, Ex. A.

Mr. Saadi did not forward a draft of the amended complaint until Friday, July 26, 2024, the last business day before Plaintiff's deadline to file its Motion, and did not forward a redline that identified the proposed amendments until Sunday, July 28, 2024 at 10:38 p.m., when Mr. Saadi sent a Word version of the proposed amended complaint that did not clearly highlight the substantive amendments. *Id.* ¶ 10, Ex. A. Once a proper redline was able to be run the next morning, the redline revealed that the proposed amendment names *two* entities that share the name "Orpheus Medical," expands the first cause of action to now recite two purported trademark causes of action, including claims of forward and reverse confusion, and adds additional allegations not referenced in any prior correspondence.[1] *Id.* ¶ 11, Ex. B (redline excerpts reflecting changes in Plaintiff's proposed First Amended Complaint). That same day, on July 29, 2024, Ms. Lackman asked for Mr. Saadi's availability for an L.R. 7-3 conference, so that the parties could discuss the amendments. *Id.* ¶ 12, Ex. A. Four hours later, Mr. Saadi responded that the parties had already "been emailing about [the amended complaint]," noted that the deadline for Plaintiff's Motion had come[2] and, one

---

[1] It is worth mentioning that, when Defendants were preparing to file their Motion for Judgment on the Pleadings, they provided—at Plaintiff's insistence—a significant number of details in response to Plaintiff's questions about the substance of their motion. Lackman Decl., ¶ 2.

[2] Tellingly, Plaintiff has never proposed that the parties stipulate to an adjustment of the deadline for its Motion. If Plaintiff understood that this deadline was imminent following the filing of Defendants' Motion, it should have raised its request with adequate time for Defendants to review its proposed amendments and to engage in a meaningful discussion.

8

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

minute after responding declining the request to confer, filed Plaintiff's Motion. *Id*. ¶ 12, Ex. A.

The parties finally held an L.R. 7-3 conference on August 1, 2024, *after* Plaintiff's Motion was filed. *Id.* ¶ 13. Plaintiff did not withdraw its Motion prior to agreeing to the conference, leaving Defendants with no choice but to oppose within the short window provided.

### III. Legal Standard

Leave to amend, while liberally construed, is not without limitation. The Supreme Court has identified numerous reasons where leave should be denied, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that the "grant or denial of an opportunity to amend is within the discretion of the District Court"); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). A district court may find one factor or a combination of factors sufficient to deny leave to amend. *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 550 (C.D. Cal. 1997).

As discussed in detail below, Plaintiff's Motion fails on the above-mentioned grounds and should be denied.

### IV. Argument

Plaintiff's proposed amendments fail to cure the original complaint of its original defects. The amendments name new defendants, but provide no substantive allegations with respect to those entities, attempt to state a new cause of action that only reframes an existing cause of action, and try to demonstrate that Plaintiff can state a claim for trademark infringement under California law with a single non-sequitur. *See* Lackman Decl., Ex. B. Nothing productive will come from allowing Plaintiff to make its proposed amendments in a fatally flawed suit,

Mitchell Silberberg & Knupp LLP

9

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

particularly where a Motion for Judgment on the Pleadings is already pending and Plaintiff's Motion has ostensibly been filed with an eye towards delaying the determination of Defendants' Motion for Judgment on the Pleadings. The existence of a counterclaim only compounds the scheduling hiccups. The Court should reject Plaintiff's bad-faith attempt to defer the determination of the unsupported merits of its case, and deny Plaintiff's Motion.

### 1. Plaintiff's Proposed Amendments Are Dilatory

Plaintiff seeks to amend the Complaint in order to, among other things, add Orpheus Medical Ltd. and Orpheus Medical USA, Inc. (collectively, "Orpheus") as defendants. Given that Defendants' acquisition of Orpheus occurred four years ago,[3] Plaintiff likely knew or should have known of Orpheus well before the filing of the Complaint, and had no reason to delay the addition of those entities to this lawsuit. Where a party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied. *Jordan v. Los Angeles Cnty.*, 669 F.2d 1311, 1324 (9th Cir.1982), *judgment vacated on other grounds*, *Cnty. of Los Angeles v. Jordan*, 459 U.S. 810 (1982).

Furthermore, Plaintiff's amendments provide no substantive allegations with respect to the alleged acts or omissions of Orpheus, much less an explanation as to why those entities should be added at this juncture. Indeed, Plaintiff disingenuously claims that they are two of the "Does" and speculates in its motion (Dkt. 68 at 4) that the Israeli entity could be engaging in infringement, while saying nothing about why Orpheus Medical USA, Inc. is named. Plaintiff states that it has "now learned" of the acquisition of Orpheus, but provides no rationale as to why it has only just now gained this awareness, given that no relevant

---

[3] *See* Intuitive Acquires Orpheus Medical to Expand Informatics Platform for Hospitals (Feb. 10, 2020), https://isrg.intuitive.com/news-releases/news-release-details/intuitive-acquires-orpheus-medical-expand-informatics-platform.

10

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

circumstances have changed over the past four years and Plaintiff has served no discovery relating to Orpheus.  When pressed during the parties' L.R. 7-3 conference, Plaintiff's counsel declined to state whether Plaintiff had become aware of some specific facts relating to Orpheus' alleged infringement.  Lackman Decl., ¶ 13.  Suffice it to say, this lack of diligence in raising the parties, on top of Plaintiff's failure to justify the inclusion of Orpheus on a "shotgun pleading" basis where Plaintiff's Prayer for Relief already seeks injunctive relief against a wide array of parties related to Defendants, supports a denial of Plaintiff's Motion.

### 2. Plaintiff's Proposed Amendments Are Futile

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  Here, Defendants' Motion for Judgment on the Pleadings comprehensively set forth the reasons why Plaintiff's action, including the proposed amended trademark infringement claim, is barred as a matter of law. *See* Dkt 54.  As Plaintiff itself acknowledges in its Motion, its proposed amendments do not substantively alter the existing allegations of the Complaint.[4] *See* Dkt. 68 at 2.  Plaintiff's Motion fails to raise ***any*** amendments that would address the issues identified in Defendants' Motion for Judgment on the Pleadings, and therefore should be denied. *Compare to McZeal v. Amazon Servs., LLC*, No. 221CV07093SVWRAO, 2021 WL 5213099, at *6 (C.D. Cal. Nov. 8, 2021) (declining to grant leave to amend complaint because the plaintiff could not, as a matter of law, state a claim for trademark violation).

Plaintiff's amendments regarding its trademark infringement claim are futile.  Plaintiff attempts to reframe its first cause of action for trademark infringement by separating it into two causes of action – one for "forward confusion" and another

---

[4] Plaintiff's counsel also conceded during the parties' L.R. 7-3 conference that the changes in the proposed First Amended Complaint would not moot the issues raised in Defendants' Motion for Judgment on the Pleadings regarding the merits of Plaintiff's claims.  Lackman Decl., ¶ 13.

for "reverse confusion." This distinction does not add anything new to Plaintiff's causes of action: while trademark infringement is a cause of action under the Lanham Act, "confusion" does not constitute a cause of action. *See, e.g.*, 15 U.S.C. § 1114 (providing a cause of action for infringement of registered trademarks); *Murray v. Cable Nat. Broad. Co.*, 86 F.3d 858, 861 (9th Cir. 1996), *as amended* (Aug. 6, 1996) (noting that the Ninth Circuit has not recognized a cause of action for reverse confusion); *Marketquest Grp., Inc. v. BIC Corp.*, 862 F.3d 927, 932 (9th Cir. 2017) (holding that "reverse confusion is not a separate claim that must be specifically pleaded, but instead is a theory of likely confusion" and that "when reverse confusion is compatible with the theory of infringement alleged in the complaint, ***a plaintiff need not specifically plead it***") (emphasis added). *Compare to Nasser v. Julius Samann, Ltd.*, No. 17-CV-863-BTM-MDD, 2020 WL 10457001, at *2 (S.D. Cal. Aug. 28, 2020) ("[L]ikelihood of confusion on its own is not a valid claim for relief."). Therefore, Plaintiff's new "cause of action" amounts to a reshuffling of the same trademark infringement cause of action stated in its original Complaint.

Importantly, Plaintiff's amendments do not provide support for either of its "reverse confusion" or "forward confusion" theories, regardless of whether those theories could constitute causes of action. If anything, Plaintiff's added allegations just confirm that the only plausible theory under Plaintiff's facts is one that Defendants understood to be its confusion theory: reverse confusion. Furthermore, Plaintiff's proposed amendments do not address any of the arguments raised in Defendants' Motion for Judgment on the Pleadings with respect to its trademark infringement claim, such as Plaintiff's failure to specifically identify the goods and services that it alleges have infringed on the I3 Marks, particularly where there admittedly is no confusion, or the applicable presumption of laches. *See* Dkt. 54 at

**DEFENDANTS' OPPOSITION TO PLAINTIFFS MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

13–19. These issues only further underscore the fact that Plaintiff's attempt to amend its trademark infringement claim would be an exercise in futility.

Plaintiff's other amendments also are futile. As noted above, Plaintiff's amendments with respect to either Orpheus entity do not add any substantive allegations to the Complaint, and therefore do nothing to demonstrate that Plaintiff's claim should survive Defendants' Motion for Judgment on the Pleadings. Plaintiff also seeks to amend its final cause of action to allege that because it is registered to do business in California, it has a claim for infringement of trademarks that are registered with California. This is a non-sequitur. As set forth in Defendants' Motion for Judgment on the Pleadings, Plaintiff cannot state a claim for trademark infringement under Cal. Bus. & Prof. Code §§ 14245 and 14250 because Plaintiff fails to plead that its *trademarks* are registered in the State of California. Cal. Bus. & Prof. Code § 14245(a)(1), (a)(3) (providing that "the owner of the registered mark" may file suit for infringement of "a *mark registered under this chapter*") (emphasis added); Cal. Bus. & Prof. Code § 14250(a) (applying only to an owner "of a *mark registered under this chapter*") (emphasis added). Whether Plaintiff is registered to "transact business" in California, or whether Plaintiff has federally registered marks, is utterly irrelevant as long as Plaintiff cannot show that it has any *trademarks* registered with the State of California. Therefore, the remainder of Plaintiff's proposed amendments fail to address the defects already identified by Defendants.

If anything, the fact that Plaintiff's proposed amendments fail resolve the issues set forth in Defendants' Motion for Judgment on the Pleadings only emphasizes how necessary it is for the Court to hear Defendants' Motion without further delay. *Compare Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (noting that, although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would

be an exercise in futility or where the amended complaint would also be subject to dismissal). If Plaintiff's motion truly were genuine, it would have waited for the Court's ruling on the Motion for Judgment on the Pleadings to determine how to remedy the issues, rather than concoct additions to the Complaint that fail to address any of the arguments at issue in Defendants' pending Motion.

### 3. Plaintiff Only Seeks to Amend the Complaint in Bad Faith, and Such Amendment Will Prejudice Defendants

Under Federal Rule of Civil Procedure 11, a party may not interpose an amendment to its pleadings solely for delay or seek to amend claims that it cannot in good faith support. The facts and analysis set forth above demonstrate that Plaintiff clearly has brought its Motion with a dilatory motive (*i.e.*, delaying the Motion for Judgment on the Pleadings and the progress of the case generally) and has not proposed any amendments that demonstrate that it can support its claim in good faith. Plaintiff failed to provide Defendants with a copy of the amended complaint until the last business day before its deadline to file its Motion, and did not attempt to engage in a proper L.R. 7-3 conference as required by the Central District Local Rules and the Court's standing order. Nowhere did Plaintiff provide any explanation for adjourning a hearing and inconveniencing the parties when Plaintiff must have known its plan to amend and was aware of the deadline at least as early as July 1, 2024, when Mr. Saadi appeared for the scheduling conference. As Defendants suspected from Plaintiff's vague description of its intentions, none of Plaintiff's amendments actually cure the deficiencies already identified in the original Complaint.

Rather, it became clear from Plaintiff's own requests that Plaintiff filed its Motion in an attempt to defer a determination on Defendants' Motion for Judgment on the Pleadings. This bad faith motive was foreshadowed by Plaintiff's counsel himself, given his explicit suggestion that Defendants stipulate to the amendment

of the Complaint (without being privy to the substance of that amendment) and withdraw their Motion for Judgment on the Pleadings. *See* Lackman Decl., ¶ 8, Ex. A. Such a delay would only serve to prejudice Defendants, whose Motion is already pending, has been delayed already by Plaintiff's request, and would not be undermined by any of Plaintiff's proposed amendments. That prejudice should weigh in favor of denying Plaintiff's Motion. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (noting that out of all the *Foman* factors prescribed by the Supreme Court, "the consideration of prejudice to the opposing party . . . carries the greatest weight").

## V. Conclusion

Because the deficiencies in Plaintiff's Complaint are fatal, and they are not and cannot be cured by Plaintiff's proposed amendments, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend.

DATED: AUGUST 2, 2024

ELEANOR M. LACKMAN
MARC E. MAYER
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman
Eleanor M. Lackman (SBN 298594)
Marc E. Mayer (SBN 190969)
*Attorneys for Defendants and Counter-Claimants Intuitive Surgical Operations, Inc., Intuitive Surgical, Inc., Intuitive Surgical Holdings, LLC, Intuitive Fluorescence Imaging, LLC, and Intuitive Surgical Service Optics, Inc.*