1  ELEANOR M. LACKMAN (SBN 298594)
    eml@msk.com
2  MARC E. MAYER (SBN 190969)
    mem@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA 90067
   Tel. (310) 312-2000 Fax (310) 312-3100
5
   JENNIFER LANTZ (SBN 202252)
6    jmlantz@duanemorris.com
   DUANE MORRIS LLP
7  260 Homer Avenue, Suite 202
   Palo Alto, CA 94301-2777
8  Tel. (650) 847-4150 Fax (650) 847-4151

9  MEGHAN C. KILLIAN (SBN 310195)
    mckillian@duanemorris.com
10 DUANE MORRIS LLP
   One Market Plaza
11 Spear Tower, Suite 2200
   San Francisco, CA 94105
12 Tel.: (415) 957-3138 Fax (415) 840-0017

13 Attorneys for Defendants and Counter-
   Claimants Intuitive Surgical Operations, Inc.,
14 Intuitive Surgical, Inc., Intuitive Surgical
   Holdings, LLC, Intuitive Fluorescence Imaging,
15 LLC, and Intuitive Surgical Service Optics, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – FIRST STREET

| | |
|---|---|
| INTUITIVE IMAGING INFORMATICS, LLC, a Nevada limited liability company,<br><br>　　　　Plaintiff and Counter-Defendant,<br><br>　　v.<br><br>INTUITIVE SURGICAL OPERATIONS, INC., a Delaware corporation, et al.,<br><br>　　　　Defendants and Counter-Claimants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 2:23-cv-10593-DSF-RAO<br><br>Honorable Dale S. Fischer<br><br>**DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date:　　　August 26, 2024<br>Time:　　　1:30 p.m.<br>Location:　Courtroom 7D<br><br>Filing Date: 12/18/2023<br>Trial Date:　12/09/2025 |

Mitchell Silberberg & Knupp LLP

DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO AMEND COMPLAINT

## DECLARATION OF ELEANOR M. LACKMAN

I, Eleanor M. Lackman, the undersigned, hereby declare as follows:

1.  Through my professional corporation, I am a Partner in the law firm Mitchell Silberberg & Knupp LLP and counsel for Defendants Intuitive Surgical Operations, Inc., Intuitive Surgical, Inc., Intuitive Surgical Service Optics, Inc., Intuitive Surgical Holdings LLC, and Intuitive Fluorescence Imaging, LLC (collectively, "Defendants") in this action. The facts stated in this declaration are within my personal knowledge, and if called upon as a witness, I could and would testify competently to them. I submit this declaration in support of Defendants' Opposition to Plaintiff's Motion for Leave to File Its First Amended Complaint.

2.  Plaintiff Intuitive Imaging Informatics, LLC ("Plaintiff") filed its original Complaint in this litigation on December 18, 2023, in the thick of the parties' ongoing proceedings before the Trademark Trial and Appeal Board.

3.  Defendants filed a Motion for Judgment on the Pleadings on June 28, 2024, and a hearing on that motion was set for August 12, 2024. Prior to the filing of Defendants' Motion for Judgment on the Pleadings, Plaintiff asked a number of questions regarding the substance of the motion, which Defendants answered in significant detail on top of participating in the L.R. 7-3 conference. This extra effort, made in the spirit of avoiding motion practice that could be avoided, stalled the process for Defendants' filing. Despite these efforts, Plaintiff ultimately took the position that no amendments should be made to moot such motion in whole or in part.

4.  Two weeks after Defendants' Motion for Judgment on the Pleadings was filed, Plaintiff's counsel, Edward Saadi, asked to adjourn the August 12, 2024 hearing on the Motion, citing a family vacation on that date, and asking for a date two or three weeks later. After noting conflicts with both dates, I agreed to adjourn

Mitchell
Silberberg &
Knupp LLP

the hearing to August 26, 2024, noting the fact that it would require me to change my own travel plans at some cost.

5. The hearing on Defendants' Motion for Judgment on the Pleadings now is currently set for August 26, 2024, and although Defendants indicated that no other dates be changed, Plaintiff (via a proposed stipulation that counsel sent late on Friday night and represented reflected their agreement) received by rule an extra two weeks for opposition, which is now due on August 5, 2024.

6. Mr. Saadi first alerted me on July 19, 2024 that he intended to seek leave to file an amended complaint. Mr. Saadi noted that the amended complaint would add "a claim for relief for reverse confusion" and also add "Orpheus Medical"—which I took to refer to a single entity based in Israel—as a defendant. Mr. Saadi stated that if Defendants intended to oppose, the hearing could be set for August 26, 2024. Attached hereto as **Exhibit A** is a true and correct copy of the email thread between Mr. Saadi and me regarding Plaintiff's Motion for Leave to File Its First Amended Complaint.

7. I responded to Mr. Saadi on the same day, requesting to review a copy of the complaint so that I could return to him with a position on whether I would stipulate to that amendment. **Ex. A** (at p.6).

8. On July 22, 2024, Mr. Saadi responded, and, contrary to his prior position, suggested that I simply stipulate to the amendment of the Complaint, withdraw Defendants' Motion for Judgment on the Pleadings, and re-file Defendants' Motion after service of the amended complaint (and, presumably, the counterclaim and the reply thereto). **Ex. A** (at p.5).

9. I replied that I could not opine on a complaint that I had not yet seen, particularly where the substance of the amended complaint sounded largely identical to the original defective complaint, and where Plaintiff seemed to be seeking to add a party based outside of the United States. **Ex. A** (at pp. 4–5).

Mitchell Silberberg & Knupp LLP

3

DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO AMEND COMPLAINT

10. Mr. Saadi did not forward a draft of the amended complaint until Friday, July 26, 2024, the last business day before Plaintiff's deadline to file its Motion, and did not forward a redline that identified the proposed amendments until Sunday, July 28, 2024 at 10:38 p.m., when Mr. Saadi sent a Word version of the original and proposed amended complaint that did not clearly highlight the substantive amendments and which implied that the comparison would need to be run by my firm.  **Ex. A** (at pp. 2–4).

11. Once a proper redline was able to be run the next morning, on July 29, 2024, the redline revealed that the proposed amendment names two entities that share the name "Orpheus Medical," expands the first cause of action to now recite two purported trademark causes of action, including claims of forward and reverse confusion, and adds additional allegations not referenced in any prior correspondence.  A copy of the redline excerpts showing the substantive changes in the proposed First Amended Complaint is attached hereto as **Exhibit B**.

12. That same day, on July 29, 2024, I asked for Mr. Saadi's availability for an L.R. 7-3 conference, so that the parties could discuss the amendments.  **Ex. A** (at pp. 1–2).  Four hours later, Mr. Saadi responded that the parties had already "been emailing about [the amended complaint]," noted that the deadline for Plaintiff's Motion had come and, just one minute after responding declining the request to confer, filed Plaintiff's Motion.  **Ex. A** (at p. 1).

13. The parties finally held an L.R. 7-3 conference on August 1, 2024, after Plaintiff's Motion was filed.  When I asked Mr. Saadi if the Orpheus defendants were added to the First Amended Complaint based on any known facts regarding their alleged infringement, Mr. Saadi simply stated that Plaintiff is at liberty to name any defendant it chooses and that its broad allegations as to the acts of the "Defendants" apply to all, including the Orpheus defendants.  He indicated that perhaps the Court would read the California trademark claim to include federal

registrations, and—most curiously—sent me a case indicating that a plaintiff *need not* specify the type of confusion by name. Additionally, Mr. Saadi conceded that the changes in the proposed First Amended Complaint would not moot the issues raised in Defendants' Motion for Judgment on the Pleadings regarding the merits of Plaintiff's claims, and noted that the filing of a First Amended Complaint would only serve to procedurally moot those issues given that the original Complaint would be superseded.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

I executed this declaration on August 2, 2024 in Los Angeles, California.

/s/ Eleanor M. Lackman
ELEANOR M. LACKMAN

Mitchell Silberberg & Knupp LLP

5
DECLARATION OF ELEANOR M. LACKMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO AMEND COMPLAINT