| | |
|---|---|
| **From:** | Lackman, Eleanor <eml@msk.com> |
| **To:** | 'Edward T. Saadi' <edward@saadilaw.com> |
| **Cc:** | Kang, Constance <cck@msk.com> |
| **Date:** | Fri, 02-Aug-2024 13:31:19 -0400 |
| **Subject:** | RE: [EXTERNAL] Pleading reverse confusion |

I do have an issue with it because it requires us to incur time and effort on preparing another answer with the counterclaim, reviewing your presumably new response, and otherwise delaying the proceedings.

If you are willing to cover our legal fees for all of this, I can bring that proposal to my client. Otherwise we'll go ahead and note that your amendment appears not to really be an amendment but rather window dressing.



**Eleanor M. Lackman (she/her) | Partner**
**Co-Chair, Intellectual Property Group**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Edward T. Saadi <edward@saadilaw.com>
**Sent:** Friday, August 2, 2024 1:25 PM
**To:** Lackman, Eleanor <eml@msk.com>
**Cc:** Kang, Constance <cck@msk.com>
**Subject:** RE: [EXTERNAL] Pleading reverse confusion

Since you've always understood it to include reverse confusion, then you should have no issue with explicitly including it in the FAC.

--------------------------------------------------------------------------
**This email is strictly confidential and may be subject to the attorney/client privilege and/or the work-product doctrine. It is intended for the exclusive use of the addressee and it contains privileged and non-disclosable information. If the recipient of this email transmission is not the addressee or a person responsible for delivering the email to the addressee, such recipient is prohibited from reading or using this transmission in any way. If you have received this transmission by mistake, please call Atty. Edward T. Saadi immediately and destroy this email transmission.  This communication is from a debt collector and is an attempt to collect**

a debt.  Any information obtained may be used for that purpose.

**Edward T. Saadi, Esq.**
**Edward T. Saadi, LLC**
**970 Windham Court, Suite 7**
**Boardman, OH 44512**
**(330) 782-1954**
**(330) 266-7489(fax)**
edward@saadilaw.com

---

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Friday, August 2, 2024 1:14 PM
**To:** 'Edward T. Saadi' <edward@saadilaw.com>
**Cc:** Kang, Constance <cck@msk.com>
**Subject:** RE: [EXTERNAL] Pleading reverse confusion

In my view, beyond the issues we raised in our 12(c) motion, reverse confusion was already sufficiently pleaded given the comments akin to "we want millions of dollars, which is more than our entire company is worth." What prompted the addition? Is there magic language you need to include per this decision or otherwise, or are you just adding this as window dressing in order to slow down the process? It seems that we can moot the amendment given our view that we have always understood your Lanham Act claim to include reverse confusion.



**Eleanor M. Lackman (she/her) | Partner**
**Co-Chair, Intellectual Property Group**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

---

**From:** Edward T. Saadi <edward@saadilaw.com>
**Sent:** Friday, August 2, 2024 1:09 PM
**To:** Lackman, Eleanor <eml@msk.com>
**Cc:** Kang, Constance <cck@msk.com>
**Subject:** RE: [EXTERNAL] Pleading reverse confusion

"reverse confusion is not a separate claim that must be specifically pleaded, but instead is a theory of likely confusion that may be alleged by itself or in addition to forward confusion…Thus, **when reverse confusion is compatible with the theory of infringement**

**alleged in the complaint**, a plaintiff need not specifically plead it."

In other words… if reverse confusion is not specifically pleaded, it has to be compatible with the overall theory of infringement, otherwise there's a risk it won't be recognized. It doesn't just magically arise in every infringement case. The FAC eliminates any doubt that it is being pleaded.

-------------------------------------------------------------------------
**This email is strictly confidential and may be subject to the attorney/client privilege and/or the work-product doctrine. It is intended for the exclusive use of the addressee and it contains privileged and non-disclosable information. If the recipient of this email transmission is not the addressee or a person responsible for delivering the email to the addressee, such recipient is prohibited from reading or using this transmission in any way. If you have received this transmission by mistake, please call Atty. Edward T. Saadi immediately and destroy this email transmission. This communication is from a debt collector and is an attempt to collect a debt. Any information obtained may be used for that purpose.**

**Edward T. Saadi, Esq.**
**Edward T. Saadi, LLC**
**970 Windham Court, Suite 7**
**Boardman, OH 44512**
**(330) 782-1954**
**(330) 266-7489(fax)**
[edward@saadilaw.com](mailto:edward@saadilaw.com)

---

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Friday, August 2, 2024 12:39 PM
**To:** 'Edward T. Saadi' <edward@saadilaw.com>
**Cc:** Kang, Constance <cck@msk.com>
**Subject:** RE: [EXTERNAL] Pleading reverse confusion

Can you please point me to the specific language where the ruling says that certain allegations need to be pleaded? This case seems to say the opposite.



**Eleanor M. Lackman (she/her) | Partner**
**Co-Chair, Intellectual Property Group**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP** | www.msk.com
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Edward T. Saadi <edward@saadilaw.com>
**Sent:** Friday, August 2, 2024 12:35 PM
**To:** Lackman, Eleanor <eml@msk.com>
**Cc:** Kang, Constance <cck@msk.com>
**Subject:** RE: [EXTERNAL] Pleading reverse confusion

Yes, as I said below, the case says that reverse confusion does not need to be separately pleaded. However, certain allegations do need to be made if a reverse confusion theory is to be available to a plaintiff. As the case says, "the allegations will vary in individual cases" and the overall allegations of the complaint do need to be compatible with a reverse confusion theory. The FAC clarifies that reverse confusion is being alleged, and eliminates any possibility that it will be unavailable to plaintiff.

ETS

---------------------------------------------------------------------------
**This email is strictly confidential and may be subject to the attorney/client privilege and/or the work-product doctrine. It is intended for the exclusive use of the addressee and it contains privileged and non-disclosable information. If the recipient of this email transmission is not the addressee or a person responsible for delivering the email to the addressee, such recipient is prohibited from reading or using this transmission in any way. If you have received this transmission by mistake, please call Atty. Edward T. Saadi immediately and destroy this email transmission. This communication is from a debt collector and is an attempt to collect a debt. Any information obtained may be used for that purpose.**

**Edward T. Saadi, Esq.**
**Edward T. Saadi, LLC**
**970 Windham Court, Suite 7**
**Boardman, OH 44512**
**(330) 782-1954**
**(330) 266-7489(fax)**
edward@saadilaw.com

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Thursday, August 1, 2024 7:51 PM
**To:** 'Edward T. Saadi' <edward@saadilaw.com>
**Cc:** Kang, Constance <cck@msk.com>
**Subject:** RE: [EXTERNAL] Pleading reverse confusion

Thanks, Edward. This case says: "[R]everse confusion is not a separate claim that must be specifically pleaded" and "when reverse confusion is compatible with the theory of infringement alleged in the complaint, a plaintiff need not specifically plead it." So why again do you contend that the allegation needed to be made when the court says it "need not" be made?



**Eleanor M. Lackman (she/her)** | **Partner**
**Co-Chair, Intellectual Property Group**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP** | www.msk.com
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Edward T. Saadi <edward@saadilaw.com>
**Sent:** Thursday, August 1, 2024 4:45 PM
**To:** Lackman, Eleanor <eml@msk.com>
**Subject:** [EXTERNAL] Pleading reverse confusion

Eleanor, the case we discussed is attached. Reverse confusion need not necessarily be pled as a separate cause of action, however, there are certain allegations that must be included in a complaint to allege a cause of action for reverse confusion.

ETS


Sent from ETS's iPad