# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTUITIVE IMAGING INFORMATICS, LLC, etc., <br> Plaintiff, <br><br> v. <br><br> INTUITIVE SURGICAL OPERATIONS, INC., etc., et al. <br> Defendants. | No.: 2:23-cv-10593-DSF-RAO <br><br> Order GRANTING IN PART and DENYING IN PART Defendants' Motion for Judgment on the Pleadings (Dkt. 54) and GRANTING Plaintiff's Motion for Leave to Amend Complaint (Dkt. 68) |
| AND RELATED COUNTER-CLAIMS. | |

## I. INTRODUCTION

Defendants move for judgment on the pleadings as to Plaintiff Intuitive Imaging Informatics LLC's complaint. Dkt. 54 (MJOP). Intuitive Imaging opposes. Dkt. 70 (MJOP Opp'n). Separately, Intuitive Imaging moves for leave to file an amended complaint. Dkt. 68 (Amend Mot.). Defendants oppose this request. Dkt. 70 (Amend Opp'n). The Court deems these matters appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART. The motion for leave to file an amended complaint is GRANTED.

## II. BACKGROUND

This action arises out of a claim of trademark infringement. <u>See generally</u> Dkt. 1 (Compl.). Intuitive Imaging is the owner and creator of two federally registered trademarks: Intuitive Imaging Informatics and

Intuitive Imaging is a medical imaging software company. <u>See</u> <u>id.</u> ¶ 12; Dkt. 47 (Resp.) ¶ 11. Defendants contend that the only named Defendant related to the trademarks at issue is Intuitive Surgical Operations, Inc. (ISO). <u>See</u> Dkt. 43 (Answer) ¶¶ 12-19.[1] Defendant ISO is a surgical technology company that develops, manufactures, and markets products and systems to help physicians perform minimally invasive surgical procedures. <u>Id.</u> ¶ 13.

The present dispute began in November 2022 when the United States Patent and Trademark Office (USPTO) preliminarily refused to register one of ISO's applications due to a perceived conflict with one of Intuitive Imaging's registrations. Compl. ¶¶ 31-33. ISO then filed a petition to cancel Intuitive Imaging's registration based on the ground that Intuitive Imaging had abandoned its mark. <u>Id.</u> Intuitive Imaging maintained its position that it had not abandoned its trademark and that ISO's trademark could not co-exist without causing consumer confusion. <u>Id.</u> ¶ 33. Intuitive Imaging filed the present lawsuit in December 2023, alleging (1) infringement of federally registered trademarks in violation of the Lanham Act; (2) unfair competition in violation of the Lanham Act; (3) common law trademark infringement and unfair competition; (4) violation of California Business and Professions Code § 17200; and (5) violation of California Business and Professions Code §§ 14245 and 14250. Defendants answered and filed

---

[1] Defendants' counterclaims are alleged in the same document that answers Intuitive Imaging's complaint. <u>See generally</u> <u>id.</u> The Court cites the Counterclaim and the Answer as one document.

a counterclaim seeking cancellation of Intuitive Imaging's registered trademark. See Answer at 24.

## III. LEGAL STANDARD

### A. Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move to dismiss a suit "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1133 (9th Cir. 2006). It must appear beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd., 132 F.3d 526, 529 (9th Cir. 1997).

Because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a 12(c) judgment on the pleadings is essentially the same as for a Rule 12(b)(6) motion. Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Allegations by the non-moving party must be accepted as true, and allegations of the moving party that have been denied must be deemed false for the purpose of the motion. Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989), amended (1990). However, a court is not required to accept the veracity of "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," or are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (cleaned up).

### B. Leave to Amend

"[T]he district court is given broad discretion in supervising the pretrial phase of litigation . . . ." United States v. Dang, 488 F.3d 1135, 1143 (9th Cir. 2007) (cleaned up). "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule

should be interpreted with "extreme liberality," Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991) (cleaned up) and leave to amend "should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999) (cleaned up); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (identifying these factors).

## IV.  DISCUSSION

### A.    Judicial Notice

Defendants seek judicial notice of (1) various public records on file with the USPTO including copies of trademark registrations, trademark applications, and specimens of use; (2) various public records on file with the Securities and Exchange Commission (SEC) including Form 10-K annual reports; and (3) a printout of search results from the California Secretary of State's "California Trademark Search" tool.  See Dkt. 55 (RJN) at 2-5.  Intuitive Imaging opposes the request on the ground that Defendants are noticing the documents for the truth of their content and on the ground that documents attached to the counterclaim cannot be considered under the "incorporation by reference" doctrine.  See Dkt. 72 (Resp. to RJN) at 2-3.

When deciding a Rule 12(c) motion, courts may consider facts set forth in the pleadings as well as facts contained in materials of which the court may take judicial notice.  See Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999); see also Hebert Abstract Co., Inc. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (a Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.").  The court may take judicial notice of facts that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Courts cannot take judicial notice of facts subject to reasonable dispute.

4

Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

The Court takes judicial notice of the various public records on file with the USPTO including copies of trademark registrations, trademark applications, and specimens of use—attached as Exhibits A-H to the Declaration of Jennifer Lantz—because materials in the online files of the USPTO and other matters of public record are proper subjects of judicial notice. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also Caiz v. Roberts, 382 F. Supp. 3d 942, 947 (C.D. Cal. 2019) (taking judicial notice of "File History" downloaded from USPTO website). The Court also takes judicial notice of the SEC annual reports attached as Exhibits A-D to the declaration of Ryan Shaw. See Dreiling v. Am. Exp. Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006) (noting that SEC filings are subject to judicial notice); Glenbrook Cap. Ltd. P'ship v. Kuo, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of form 10-Ks and form 8-Ks filed with the SEC even though the documents were *not* referenced in the complaint); In re Calpine Corp. SEC Litig., 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("[T]he Court may properly take judicial notice of SEC filings . . . ."). Finally, the Court takes judicial notice of the printout of search results from the California Secretary of State's "California Trademark Search" tool attached as exhibit I to the Lantz Declaration. See L'Garde, Inc. v. Raytheon Space & Airborne Sys., 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011) (taking judicial notice of results of records searches from the California Secretary of State website).

However, just because the Court takes judicial notice of these documents does not mean that every assertion of fact within the documents is judicially noticeable for its truth. Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). The Court will not take judicial notice of a fact if the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." Id. at 1000 (cleaned up). For this reason, the Court will take judicial notice of the fact that these documents exist in

5

the public records but will not take judicial notice of any disputed facts contained within the documents.

## B.     Impermissible Lumping

Defendants argue that the complaint is an impermissible "shotgun pleading" because the allegations "lump" together all the Defendants and do not attribute specific wrongdoing to each defendant to give proper notice as required by Rule 8 of the Federal Rules of Civil Procedure.  See MJOP Mot. at 11-14.

As a general rule, when a pleading fails "to allege what role each Defendant played in the alleged harm," it is "exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiff['s] allegations."  In re iPhone App. Litig., No. 11-md-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011); see also Gen-Probe, Inc. v. Amoco Corp., Inc., 926 F. Supp. 948, 961 (S.D. Cal. 1996) (stating confusion of which claims apply to which defendants would require that the complaint be dismissed with leave to file an amended complaint).  A complaint that "lump[s] together . . . multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2)."  Gen-Probe, 926 F. Supp. at 961 (cleaned up).  "However, this does not mean that a plaintiff's assertion of claims against 'Defendants' will automatically be deficient."  Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015).  "Rather, a plaintiff must identify what action each Defendant took that caused Plaintiff['s] harm, without resort to generalized allegations against Defendants as a whole."  Id. (cleaned up).  "Put another way, a plaintiff's allegations must provide sufficient notice to all of the Defendants as to the nature of the claims being asserted against them, including what conduct is at issue.  Id. (cleaned up).

Some courts have relaxed this standard in circumstances similar to the circumstances here.  In these circumstances, the courts found frustration of notice to be unlikely even where the defendants are lumped together.  See, e.g., Munning v. The Gap, Inc., No. 16-cv-03804-TEH, 2016 WL 6393550, at *3 (N.D. Cal. Oct. 28, 2016) (finding that

6

"because the Defendants all share a parent-subsidiary relationship with The Gap Inc. as the parent company and because all the Defendants are represented by the same counsel, frustration of notice of the claims to each defendant is unlikely"); Sussex Fin. Enters., Inc. v. Bayerische Hypo-und Vereinsbank AG, No. 08-4791-SC, 2010 WL 94272, at *3 (N.D. Cal. Jan. 6, 2010) (allowing the "lumping" of a parent corporation and two of its subsidiaries, without identifying the role that each defendant played in the alleged fraud). The Court applies the same reasoning here. First, because the Defendants share a parent-subsidiary relationship, see Compl. ¶ 10; MJOP Mot. at 1-2, and because all Defendants are represented by the same counsel, frustration of notice of the claims to each defendant is unlikely. Further, Intuitive Imaging is unlikely to have knowledge as to the corporate structure of these entities at this stage to know exactly which entities took part in the alleged trademark infringement. "[W]here the defendants are alleged to be 'related entities' who acted in concert 'it is entirely possible that the allegations of wrongdoing are intended to include each and every entity defendant.'" In re Pac. Fertility Ctr. Litig., No. 18-cv-01586-JSC, 2019 WL 3753456, at *3 (N.D. Cal. Aug. 8, 2019) (cleaned up).

The Court denies Defendants' motion to the extent it is based on the impermissible lumping argument.

## C. Laches

Defendants argue that they are entitled to judgment as a matter of law, asserting that Intuitive Imaging's claims are barred by the affirmative defense of laches.

A motion for judgment on the pleadings can resolve an affirmative defense if the pleadings establish the defense. See Sams v. Yahoo! Inc., 713 F.3d 1175, 1179 (9th Cir. 2013). "Laches is an equitable time limitation on a party's right to bring suit, which is derived from the maxim that those who sleep on their rights, lose them." Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 997 (9th Cir. 2006) (cleaned up). To succeed on a laches defense, a defendant must prove the three required

7

elements: (1) the plaintiff delayed asserting a right or claim; (2) the delay was not reasonable or excusable; and (3) the defendant was prejudiced by the delay. In re Marriage of Parker, 14 Cal. App. 5th 681, 688 (2017). The Court will "presume that laches is not a bar to suit if the plaintiff file[d] within the limitations period for the analogous state action . . . ." Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 838 (9th Cir. 2002). However, "the presumption is reversed if the plaintiff file[d] suit after the analogous limitations period ha[d] expired." Id.

To determine whether Intuitive Imaging was diligent, the Court must first decide whether it filed suit within the applicable four-year limitations period.[2] "The limitations period for laches starts from the time plaintiff knew or should have known about its potential cause of action." Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n, 465 F.3d 1102, 1108 (9th Cir. 2006) (cleaned up). Defendants contend that Intuitive Imaging knew or should have known of the alleged infringing activity at least as early as 2008. MJOP Mot. at 16.

In response, Intuitive Imaging raises the doctrine of progressive encroachment to explain and excuse any perceived delay in bringing suit. Under this doctrine, the trademark owner need not sue in the face of *de minimis* infringement by the junior user. Laches will not apply where "the junior user of a mark moves into direct competition . . . selling the same 'product' through the same channels and causing actual market confusion." Prudential Ins. Co. of Am. v. Gibraltar Fin. Corp. of Cal., 694 F.2d 1150, 1154 (9th Cir. 1982); see also ProFitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy P.C., 314 F.3d 62, 70 (2d Cir. 2002) (stating that the question is "whether [the junior user], after beginning its use of the mark, redirected its business so that it more squarely competed with plaintiff and thereby increased the likelihood of public confusion of the marks").

---

[2] Intuitive Imaging does not challenge the imputation of the four-year limitations period from California trademark infringement law, and the Court agrees that this period applies.

Common methods of encroachment are the junior user's expansion of its business into different regions or into different markets. See Grupo Gigante SA De CV v. Dallo & Co., Inc., 391 F.3d 1088, 1103 (9th Cir. 2004) (cleaned up).

According to Intuitive Imaging, even though Defendants have operated in the medical systems space for some time they were able to coexist until Defendants expanded their business to be squarely within the scope of Intuitive Imaging's market. See Compl. ¶¶ 25-30. Intuitive Imaging contends that this expansion into its traditional market brought Defendants into direct competition, which increased the likelihood of consumer confusion and forms the basis for this lawsuit. See MJOP Opp'n at 12-15.

Based solely on the review of the pleadings, the Court cannot conclude that laches is applicable as a matter of law. Neither the pleadings nor the documents submitted for judicial notice set forth sufficient undisputed facts to establish laches. The question of when Intuitive Imaging knew or should have known of Defendants' infringing activity is a factual issue that cannot be resolved at this stage of litigation. Further, even if the Court can conclude that Intuitive Imaging knew or should have known of the alleged infringement as of 2008, the Court must compare the likelihood of confusion between its trademarks and Defendants' trademarks to determine whether Intuitive Imaging is excused in its delay. This determination also raises a question of fact that cannot be resolved based on the pleadings. The motion for judgment on the pleadings is denied to the extent it is based on Defendants' affirmative defense of laches.

### D.  Statute of Limitations

Defendants argue that Intuitive Imaging's state law trademark claim and California Unfair Competition Law (UCL) claim are barred

by the applicable statute of limitations. MJOP Mot. at 23.[3] The expiration of the limitations period is an affirmative defense, so the Court may grant Defendants' motion only if it is clear from the face of the pleadings that Plaintiff's claim is time-barred. See Coleman v. Kohl's Dep't Stores, Inc., No. 15-cv-02588-JCS, 2015 WL 5782352, at *3 (N.D. Cal. Oct. 5, 2015) (citing Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)). The complaint alleges that even though Defendants were doing business for years, at some point their business expanded into Intuitive Imaging's sphere of business, which increased the likelihood for consumer confusion. See Compl. ¶¶ 24-30. As discussed above, it is not clear from the face of the pleadings that Intuitive Imaging's claims are time-barred. Intuitive Imaging's state trademark and UCL claims survive because it is plausible that the alleged infringing activity occurred within the limitations period.[4]

### E. Trademark Infringement Under California Business & Professions Code Sections 14245 and 14250

Defendants contend that Intuitive Imaging cannot state a claim for trademark infringement under California Business & Profession Code §§ 14245 and 14250 because Intuitive Imaging fails to plead that its marks are registered in the State of California. MJOP Mot. at 24-25. Section 14245(a)(1) prohibits "[u]se[], without the consent of the registrant, any reproduction, counterfeit, copy, or colorable imitation of

---

[3] Defendants assert that the statute of limitations for these claims is four years, at most. Intuitive Imaging does not challenge this contention. The Court agrees that four years is the appropriate limitations period.

[4] In a footnote Defendants argue that Intuitive Imaging's UCL claim should be dismissed to the extent it is based on fraudulent conduct because Intuitive Imaging has not met the heightened pleading standard for fraud-based claims required by Federal Rule of Civil Procedure 9(b). See MJOP Mot. at 24 n.17. Intuitive Imaging does not address this argument. The Court agrees with Defendants that Intuitive Imaging has not pleaded a fraud-based UCL claim with the particularity required by the Rules. Therefore, Intuitive Imaging's UCL claim is dismissed to the extent the claim is premised on fraud.

a mark registered under this chapter in connection with the sale, distribution, offering for sale, or advertising of goods or services on or in connection with which the use is likely to cause confusion or mistake, or to deceive as to the source of origin of the goods or services." Section 14250 provides for damages. See Id. § 14250(c). The Court agrees with Defendants—and other courts within this district—that the plain language of § 14245 requires a trademark to be registered pursuant to California state law. See Roseville Fullerton Burton Holdings, LLC v. SoCal Wheels, Inc., No. 14-cv-1954-JLS-JCG, 2016 WL 6159014, at *9-*10 (C.D. Cal. May 20, 2016); see also Dream Marriage Grp. Inc. v. Anastasia Int'l, Inc., No. 10-cv-5034-RSWL-FFM, 2010 WL 4346111, at *1 (C.D. Cal. Oct. 27, 2010).

Intuitive Imaging based its claim on the alleged infringement of its federally registered trademark and there are no allegations that Intuitive Imaging registered its trademark pursuant to California state law. To support its claim, Intuitive Imaging argues that "[a] federal registration combined with an authorization to transact business in California is the functional equivalent (and even superior to) a trademark registration obtained under the state law of California." MJOP Opp'n at 23. Intuitive Imaging provides no authority—and the Court is not aware of any—to support this proposition. Because Intuitive Imaging fails to plead facts sufficient to support a claim under § 14245, the Court grants Defendants' motion this claim.

### F.     Leave to Amend

After Defendants filed their motion for judgment on the pleadings, Intuitive Imaging filed a motion to amend its complaint. The motion sought to name two new defendants, add a "reverse confusion" cause of action, and make various other changes to the remaining allegations. Defendants oppose the motion on the grounds that it was unduly delayed, would be futile, was sought in bad faith, and would create undue prejudice. See Amend Opp'n at 9-15. Notably, Intuitive Imaging makes clear that the motion was not filed to address the issues Defendants raised in the motion for judgment on the pleadings. See MJOP Opp'n at 2.

11

Though there is some indication that Intuitive Imaging delayed in adding the two new defendants and filed its motion in bad faith, the Court finds that the balance of factors supports granting leave to amend. The Court finds that amendment would not unduly prejudice Defendants. The Court also is not persuaded that leave to amend would be futile. Intuitive Imaging is granted leave to make the changes to the complaint identified in its motion. The Court also grants leave to amend the § 14245 claim, if Intuitive Imaging can do so consistent with Rule 11 of the Federal Rules of Civil Procedure.

## V. CONCLUSION

The Court grants in part and denies in part Defendants' motion for judgment on the pleadings. Plaintiff's claim for violation of California Business and Professions Code §§ 14245 and 14250 is dismissed with leave to amend. The Court also grants Plaintiff's motion for leave to file an amended complaint with the changes identified in the motion. An amended complaint may be filed and served within 30 days from the date of this Order. Leave to add new defendants or claims not included in the proposed amended complaint must be sought by a separate, properly-noticed motion. Plaintiff must provide a redlined version of the amended complaint to the Court's chambers email. Failure to file an amended complaint by the ordered date will waive Plaintiff's right to do so and the claims will be dismissed with prejudice.

IT IS SO ORDERED.

Date: September 4, 2024

Dale S. Fischer
United States District Judge