UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  CV 23-10593-DSF (RAOx)                                Date: April 14, 2025
Title:     Intuitive Imaging Informatics, LLC v. Intuitive Surgical Operations, Inc. et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | N/A |
|---|---|
| Deputy Clerk | Court Recorder: N/A |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers) **MINUTE ORDER RE: INFORMAL DISCOVERY CONFERENCE [105]**

The Court held an informal discovery conference ("IDC") by Zoom on April 14, 2025. Dkt. No. 106. The Court memorializes the IDC as follows.

1. **Disclosure of customer identities and communications**: The Court provided its tentative view that, balancing Defendants' need for the redacted information against Plaintiff's confidentiality and proprietary interests, additional disclosure is warranted and Plaintiff's confidentiality and proprietary interests would be adequately protected by an Attorneys' Eyes Only (AEO) designation. The Court also suggested the possibility of a stipulation to avoid further disclosure. The parties are directed to meet and confer further.
2. **Incorporation by reference of Plaintiff's deposition transcript**: The Court directed Plaintiff to remove the incorporation by reference to Plaintiff's deposition transcript from Plaintiff's interrogatory responses. Defense counsel agreed that Plaintiff may cite to specific pages and lines from the deposition transcript in the interrogatory responses. Plaintiff's supplemental responses shall be due by **April 28, 2025**.
3. **Plaintiff's alleged loss of revenue and goodwill**: The Court directs Plaintiff to supplement its interrogatory responses with the factual information requested by the interrogatories at issue. Supplemental responses shall be due by **April 28, 2025**.
4. **Plaintiff's interpretation of the term "customers"**: The Court directs the parties to meet and confer on a definition of "customers" that excludes end-users so that Plaintiff may provide supplemental responses to the requests at issue.
5. **Plaintiff's marketing efforts**: The Court and the parties discussed the parties' disagreement regarding marketing efforts and targets. The Court's tentative is to direct Plaintiff to admit or deny the RFA at issue, but allow Plaintiff to qualify its response by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:  CV 23-10593-DSF (RAOx)   Date: April 14, 2025
Title:  Intuitive Imaging Informatics, LLC v. Intuitive Surgical Operations, Inc. et al.

   stating that it excludes trade shows.  The parties may negotiate alternative language or compromises for this RFA, but to the extent they are unable to agree, the Court's tentative will hold.  Plaintiff's amended response to the RFA shall be due by **April 28, 2025**, unless the parties agree to an alternative.

6. **Plaintiff's sales inquiries**: As with the dispute over customer identities, the Court finds that balancing Defendants' need for the redacted information against Plaintiff's confidentiality and proprietary interests, Defendants are entitled to the information, but Plaintiff may designate the information as AEO.  As to Plaintiff's argument regarding relevance of the information, Plaintiff cited to the documents in its response to an interrogatory asking for sales inquiries.  If Plaintiff does not believe the referenced documents constitute sales inquiries, Plaintiff may amend its response.

7. **Privilege/redaction log**: Plaintiff must provide the information generally provided in a privilege log for the one withheld email (i.e., the identities of all individuals on the communication, the date of the email, and a general description).  Plaintiff must also provide a redaction log providing the basis for its redactions.  This information must be provided to Defendants' counsel by **April 21, 2025**.

8. **Meet and confer regarding ESI procedures**: The Court orders the parties to complete their meet and confer efforts on an ESI protocol by **April 21, 2025**.

The parties are ordered to engage in robust meet-and-confer discussions with respect to the above disputes that have not been resolved.  This must involve at least one discussion by phone, though the parties may supplement their discussions by email.  In light of the Court providing its views during the hearing, the Court fully expects the parties to resolve all of the above disputes through further meet and confer.  If the parties are unable to resolve any disputes, counsel shall send a joint email to the Court by **April 28, 2025**.  In the joint email, the parties must include a summary of their meet and confer efforts on the unresolved disputes, including each side's last good-faith proposal to resolve each remaining dispute without further Court intervention.  The Court may hold another IDC or order letter briefing.

   **IT IS SO ORDERED.**

                                                                                                :
                                                              Initials of Preparer      er