Law Office of
# Edward T. Saadi, LLC
970 Windham Court, Suite 7
Boardman, Ohio 44512

Tel: (330) 782-1954  Fax: (330) 266-7489
Email: edward@saadilaw.com
Admitted to practice in Ohio, California, & Washington, D.C.

October 28, 2025

Re:   **Intuitive Imaging Informatics, LLC v. Intuitive Surgical Operations, Inc., et al.
Case No. 2:23-cv-10593-DSF-RAO**

U.S. Magistrate Judge Rozella A. Oliver
255 E. Temple St., 5th Floor, Courtroom 590
Los Angeles, CA  90012

Dear Magistrate Judge Oliver:

    Per your directive [D.E. 120], Plaintiff Intuitive Imaging Informatics, LLC hereby submits its letter brief on the issue of further disclosure of customer identities.

    Previously, pursuant to your July 29, 2024 Order [D.E. 69], Plaintiff disclosed the identities of two of its customers, and produced in un-redacted form all documents pertaining to those customers (except those which were already produced by the customers themselves pursuant to subpoena).  Plaintiff also voluntarily disclosed the identity of a third customer (its cloud customer), and produced in un-redacted form all documents pertaining to the cloud customer.

    When the Defendants brought this issue to the Court a second time, you determined that "*additional disclosure [of customer identities] is warranted...*"  [D.E. 107].  But the issue of exactly how much further disclosure is warranted was left open, and the parties were ordered to confer.  When conferring, the Defendants' position was (and is) that Plaintiff must produce the identities of *all* of its customers—which is not what your April 14, 2025 Order [D.E. 107] directed.  In response, Plaintiff proposed that—in addition to the three customer identities already disclosed (including the cloud customer)—it provide the identity of one additional customer (making Plaintiff's total disclosure four customers).  The Defendants rejected that offer, insisting that they "*need information on the various sorts of customers that made use of Plaintiff's products…*"

    But Plaintiff has already disclosed the "various sorts of customers that made use of its products"—so, the Defendants' need for that information is already satisfied.  *See* Exhibit "A" (*Plaintiff's Supplemental Response to Intuitive Surgical, Inc.'s Interrog. No. 6*).  And nothing any disclosed customer has produced pursuant to subpoena has produced anything of substance other than what the Plaintiff has already itself disclosed.

    In addition to the types of its customers, Plaintiff has also provided every requested detail about its customers.  The number of customers which Plaintiff had on various dates

was disclosed.  *See* Exhibit "B" (*Plaintiff's Response to Intuitive Surgical Holdings, LLC's Interrog. Nos. 17-19*.  The number of customers who purchased each of Plaintiff's goods/services was disclosed.  *See* Exhibit "C" (*Plaintiff's Second Supplemental Response to Intuitive Surgical Operations, Inc.'s Interrog. No. 16*).  Dollar amounts of yearly sales to hospitals were provided in a document Bates-stamped as INTUITIVE IMAGING-1635 [designated AEO].  Details of moving of its customers to other platforms in furtherance of its transition to a cloud-based business model were disclosed.  *See* Exhibit "D" *(Plaintiff's Response to Intuitive Surgical Holdings, LLC's Interrog. Nos. 15-16)*.  In essence, everything requested about Plaintiff's customers has already been disclosed—***except*** their identities.[1]

In response to the Plaintiff's offer to disclose one additional customer identity (for a total of four), the Defendants proposed that Plaintiff provide, for each of its customers, the "role/title" of the "buyer" at that customer.  Plaintiff explained that it could only state that in its experience, the decision as to whether a customer purchased Plaintiff's products was a decision which encompassed more than a single person; the decision included input from surgical practices, radiology practices, hospital staff, and hospital administrators.  So, no "role/title" of a single person could be provided.  Plaintiff requested that Defendant instead counter with a specific number of additional customer identities which they believe ought to be disclosed.  Defendants did not respond to that request.

As Plaintiff stated in discovery responses, as of January 1, 2021 it had twelve remaining customers.  *See* Exhibit "B" (*Plaintiff's Response to Intuitive Surgical Holdings, LLC's Interrog. Nos. 17-18)*.  Three of those customers have already been disclosed, which means that if Plaintiff discloses one additional customer, it will have provided the identities of **one-third** of those customers.

It bears noting that the Plaintiff served similar interrogatories seeking customer identities upon the Defendants.  The Defendants objected to those requests on confidentiality grounds, and refused to reveal the identity of even a single one of their numerous customers.  *See* Exhibit "E" (*Defendant Intuitive Surgical Operations, Inc.'s Response to Plaintiff's Interrog. No. 21)*.

It is well-established that "in Lanham Act cases, the names of…customers or clients are rarely—if ever—revealed."  *See Globalaw, Ltd. v. Carmon & Carmon Law Office*, 452 F.Supp.2d 1, 62 (D.D.C. 2006)(where a party identified "the class of customers who purchase their… services and clearly specified how and in what manner they use the mark" they have "done what is required of them.  To allow more, and to compel the client lists…to be turned over, would amount to a fishing expedition…"); *Id.* ("in Lanham Act cases, the names of…customers or clients are rarely—if ever—revealed."); *Phase Four Ind. v. Marathon Coach,* 2006 WL 1465313 at *5 (N.D. Cal. 2006)(documents related to sales are relevant, but specific identities of buyers is not);

---

[1] *See* D.E. 66-3, in which Plaintiff testified extensively on every topic under the sun related to its trademark uses, and its customers.

*Hope Medical Enterprises, Inc. v. Fagron Compounding Services, LLC*, 2020 WL 2771233 at *6 (C.D. Cal. 2020)(permitting redaction of customer names); *Johnston Pump/Gen. Valve Inc. v. Chromalloy Am. Corp.*, 10 USPQ2d 1671, 1675 (TTAB 1988)("a party need not reveal the names of its customers"); *Foxworthy v. Sun Art Designs, Inc.*, 42 USPQ2d 1317, 1318 (S.D. Fla. 1997)(discovery of customer lists precluded); *Sunkist Growers, Inc. v. Benjamin Ansehl Co.*, 229 USPQ 147, 149 (TTAB 1985)("the Board fails to see that whatever need opposer may have for such names… outweighs the possible harm, such as harassment of its customers, which might result to applicant"); *J.B. Williams Co. v. Pepsodent*, 188 USPQ 577, 580 (TTAB 1975)(party must provide classes of customers, but "it need not furnish the names of actual customers, it being sufficient that the types of businesses involved be specified"); *TTAB Manual of Proc.* §414(3)("the names of customers…constitute confidential information, and generally are not discoverable, even under protective order.").

      This precedent, taken as a whole, is clear: Plaintiff should only be required to disclose (1) the manner in which it uses its marks, and (2) the types or classes of customers who purchase its products. Plaintiff has satisfied both of these requirements extensively; therefore, Plaintiff's offer to disclose one additional customer—for a total of four—should be sufficient.

      Plaintiff has excellent, hard-earned, and decades-long relationships with its customers. These past customers will be prime candidates for future business. Plaintiff therefore retains a strong interest in preserving those customer relationships by protecting their identities to the greatest possible extent. Plaintiff will certainly abide by whatever decision the Court ultimately comes to on this issue. But the fact is that disclosure of the identities of all of Plaintiff's customers—as Defendants demand—would add no value to the extensive information already produced by Plaintiff. It would be superfluous, and would cause unnecessary harm to the Plaintiff's future business.

      Respectfully Submitted,

      By: /s/ Edward T. Saadi                         .
      Edward T. Saadi, Esq.
      **EDWARD T. SAADI, LLC**
      *Attorney for Plaintiff Intuitive Imaging Informatics, LLC*